# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Diebold Holding Company, LLC, <u>et al.</u>,[1] | Case No. 23-90602 (DRJ) |
| Reorganized Debtors. | (Jointly Administered) |

## NOTICE OF EFFECTIVE DATE OF DEBTORS' SECOND AMENDED JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **Confirmation of the Plan**. On July 13, 2023, the United States Bankruptcy Court for the Southern District of Texas Houston Division (the "<u>Bankruptcy Court</u>") entered an order (Docket No. 254) (the "<u>Confirmation Order</u>") confirming the *Debtors' Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization* (Docket No. 241) (the "<u>Plan</u>") in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

2. **Sanction of the WHOA Plan**. On August 2, 2023, the Dutch Court entered the Dutch Sanction Order in respect of the WHOA Plan.

3. **Effective Date**. The Effective Date of the Plan and the WHOA Plan occurred on August 11, 2023.

4. **Plan Injunction**. Except as provided in the Plan or the Confirmation Order, confirmation of the Plan, effective as of the Effective Date, operates as an injunction against: (1) the commencement, conducting or continuation in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Debtors, their Estates or assets or the Reorganized Debtors, or the respective assets or property thereof; (2) enforcement, levying, attachment, collection or otherwise recovery by any manner or means, directly or indirectly, any judgment, award, decree or order against the Debtors, their Estates or assets or the Reorganized Debtors, or the respective assets or property thereof; (3) creation, perfection or otherwise enforcement in any manner, directly or indirectly, any encumbrance of any kind, including any Lien, against the Debtors, their Estates or assets or the Reorganized Debtors, or the respective assets or property thereof, other than as contemplated by the Plan; (4) assertion of any right of

---

[1] The Debtors are the following ten entities (the last four digits of their respective federal taxpayer identification numbers, if any, follow in parentheses): Diebold Nixdorf, Incorporated (3970); Diebold Nixdorf Technology Finance, LLC (9709); Diebold Global Finance Corporation (2596); Diebold SST Holding Company, LLC (3595); Diebold Holding Company, LLC (3478); Diebold Self-Service Systems (8298); Griffin Technology Incorporated (4416); Impexa, LLC (1963); Diebold Nixdorf Canada, Limited (N/A); and Diebold Canada Holding Company Inc. (N/A). The Debtors' noticing address in these chapter 11 cases is 50 Executive Parkway, Hudson, OH 44236.

setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due a Debtor or Reorganized Debtor, or the respective assets or property thereof, unless such Holder has filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencement or continuation in any manner in any place whatsoever any action or other proceeding of any kind, in each case on account of or in connection with or with respect to Claims, Interests, Causes of Action or liens against or in any Debtor or Reorganized Debtor released, exculpated, discharged or settled pursuant to the Plan.  The Bankruptcy Court retains jurisdiction to determine and award damages and/or other appropriate relief at law or in equity for any violation of such injunction, including compensatory damages, professional fees and expenses, and exemplary damages for any willful violation of said injunction.

All Entities are enjoined from interfering with any Restructuring Transaction, including the filing of any document, or taking of any other action, in the Dutch Scheme Proceedings or any Recognition Proceeding, including the Chapter 15 Proceedings, that would inhibit, restrain or otherwise seek to prevent consummation of the Plan, the WHOA Plan or any Restructuring Transaction.

5. **Discharge of Claims**.  Pursuant to sections 524(a)(1), 524(a)(2) and 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Confirmation Order, or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of (w) Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, Causes of Action and Liens of any nature whatsoever that arose before the Effective Date (including any interest accrued on Claims or Interests from and after the Petition Date), whether known or unknown, against or on any of the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, Interests, Causes of Action or Liens, (x) any liability (including withdrawal liability) of any of the Debtors to the extent such liability relates to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of employment, (y) any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and (z) all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan or voted to reject the Plan.

The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests, as of the Effective Date, except as otherwise specifically provided in the Plan, the Confirmation Order or in any contract, instrument, or other agreement or document created or entered into pursuant to the Plan. Such discharge will void any judgment obtained against the Debtors or Reorganized Debtors at any time, to the extent that such judgment relates to a discharged Claim, Interest, Cause of Action, Lien or other right or entitlement.

6. **Exculpation**.  Pursuant to the Plan and the Confirmation Order, and without affecting or limiting either the Debtor Release or the Third Party Release, no Exculpated Party shall have or incur liability for, and each Exculpated Party is released and exculpated from any Cause of Action for any claim arising from the Petition Date through the Effective Date related to any act or omission in connection with, relating to, or arising out of, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, any Definitive Document, the Chapter 11 Cases, the Disclosure Statement, the New Corporate Governance Documents, the Plan, the WHOA Plan, the Exit Facility Documents, the New Common Stock, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the WHOA Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the entry into the Exit Facility Documents, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan and the WHOA Plan, or the distribution of property under the Plan or the WHOA Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

7. **Gatekeeper Provision**.  No party may commence, continue, amend, or otherwise pursue, join in, or otherwise support any other party commencing, continuing, amending, or pursuing, a Claim or Cause of Action of any kind against any of the Debtors, Reorganized Debtors or the Released Parties that arose or arises from or is related to any Covered Claim without first (i) requesting a determination from the Bankruptcy Court, after notice and a hearing, that such Claim or Cause of Action represents a colorable claim against a Debtor or a Released Party, as applicable, and is not a Claim that was released under the Plan, which request must attach the complaint or petition proposed to be filed by the requesting party and (ii) obtaining from the Bankruptcy Court specific authorization for such party to bring such Claim or Cause of Action against a Debtor, Reorganized Debtor or a Released Party, as applicable.  For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any Claims or Causes of Action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a Claim or Cause of Action is colorable and, only to the extent legally permissible, will have jurisdiction to adjudicate the underlying colorable Claim or Cause of Action.

8. **Professional Fee Claims**.  All final requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Confirmation Date must be filed no later than 45 days after the Effective Date.  The Bankruptcy Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, and prior Bankruptcy Court orders.  For the avoidance of doubt, the members of the Ad Hoc Group

shall not be required to file applications, a Proof of Claim or otherwise seek approval of the Bankruptcy Court as a condition to payment of the Restructuring Expenses.

9. **Rejection Damages Claims**.  In accordance with Article V.B of the Plan, unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be filed with the Solicitation Agent and served on the Reorganized Debtors no later than 30 days after the effective date of such rejection.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed with the Solicitation Agent within such time shall not be enforceable against the Debtors, the Reorganized Debtors, the Estates, or their property, without the need for any objection by the Debtors or Reorganized Debtors, or further notice to, action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied, released, and discharged, and be subject to the permanent injunction set forth in Article VIII.G of the Plan, notwithstanding anything in a Proof of Claim to the contrary.

10. **Notice Parties' Service Addresses**.  To be effective, all notices, requests, and demands to or upon the Debtors or an Ad Hoc Group member required or permitted to be provided under the Plan shall be in writing (including by electronic or facsimile transmission) and, unless otherwise expressly provided in the Plan, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

If to the Debtors, to:

Diebold Nixdorf, Incorporated
50 Executive Pkwy
Hudson, OH 44236
Attn: Elizabeth C. Radigan
Email: Elizabeth.Radigan@dieboldnixdorf.com

with copies to:

Jones Day
250 Vesey Street
New York, NY 10281-1047
Attn: Heather Lennox; Daniel T. Moss; Nicholas Morin
Email: hlennox@jonesday.com; dtmoss@jonesday.com; nmorin@jonesday.com

If to an Ad Hoc Group member, to:

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Damian S. Schaible; Adam L. Shpeen; Dylan A. Consla; Amber Leary
Email: damian.schaible@davispolk.com; adam.shpeen@davispolk.com; dylan.consla@davispolk.com; amber.leary@davispolk.com

Any notice given by delivery, mail, or courier shall be effective when received.

11. **Copies of the Plan and the Confirmation Order**. Copies of the Plan (including the Plan Supplement) and the Confirmation Order may be obtained free of charge at https://cases.ra.kroll.com/DieboldNixdorf.

Dated: August 11, 2023
       Houston, Texas

*/s/ Kristhy M. Peguero*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Victoria Argeroplos (TX Bar No. 24105799
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email:   mcavenaugh@jw.com
       kpeguero@jw.com
       vargeroplos@jw.com

**JONES DAY**
Heather Lennox (admitted *pro hac vice*)
T. Daniel Reynolds (admitted *pro hac vice*)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:   (216) 586-3939
Facsimile:   (216) 579-0212
Email:   hlennox@jonesday.com
       tdreynolds@jonesday.com

- and -

**JONES DAY**
Daniel T. Moss (admitted *pro hac vice*)
Nicholas J. Morin (admitted *pro hac vice*)
250 Vesey Street
New York, New York 10281
Telephone:   (212) 326-3939
Facsimile:   (212) 755-7306
Email:   dtmoss@jonesday.com
       nmorin@jonesday.com

*Counsel for the Debtors and Debtors in Possession*

**Certificate of Service**

       I certify that on August 11, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Kristhy M. Peguero*
                                              Kristhy M. Peguero