**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Diebold Holding Company, LLC, et al.,[1] | ) | |
| | ) | Case No. 23-90602 (MI) |
| Reorganized Debtor. | ) | |

# REMAINING REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER (I) FOR APPROVAL OF JACKSON WALKER'S FINAL FEE APPLICATION, (II) CLOSING THE REMAINING CHAPTER 11 CASE, AND (III) GRANTING RELATED RELIEF

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**There will be a hearing on this motion on September 24, 2026 at 11:15 a.m. (prevailing Central Time) in courtroom 404, 515 Rusk, Houston, TX 77002.**

The above-captioned reorganized debtor (the "Remaining Reorganized Debtor" or the "Remaining Debtor") states the following in support of this motion (this "Motion"):

[1] The Remaining Reorganized Debtor's noticing address in this Chapter 11 Case is 50 Executive Parkway, Hudson, OH 44236. Previously, the Reorganized Debtor's chapter 11 case was jointly administered with nine of its affiliates. On December 11, 2023, the Court entered a final decree closing the chapter 11 cases of the Remaining Reorganized Debtor's affiliates [Docket No. 361]. The formerly jointly administered cases were for the following ten entities (the last four digits of their respective federal taxpayer identification numbers, if any, follow in parentheses): Diebold Nixdorf, Incorporated (3970); Diebold Nixdorf Technology Finance, LLC (9709); Diebold Global Finance Corporation (2596); Diebold SST Holding Company, LLC (3595); Diebold Holding Company, LLC (3478); Diebold Self-Service Systems (8298); Griffin Technology Incorporated (4416); Impexa, LLC (1963); Diebold Nixdorf Canada, Limited (N/A); and Diebold Canada Holding Company Inc. (N/A).

**Relief Requested**

1. By this Motion, pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the Remaining Reorganized Debtor seeks entry of a final decree and order (the "Final Decree") substantially in the form attached hereto (a) approving the first and final fee application of Jackson Walker LLP ("Jackson Walker"), originally filed at Docket No. 320 (as modified by this Motion, the "JW Fee Application"); (b) closing the Remaining Case (as defined below); and (c) granting related relief.

**Jurisdiction and Venue**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue for this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Remaining Reorganized Debtor confirms its consent to the entry of a final order on this matter.

**Background**

**I. The Diebold Debtors' Chapter 11 Cases and Plan**

3. On June 1, 2023 (the "Petition Date"), the Remaining Debtor and nine of its affiliates (collectively, the "Diebold Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code and thereby commenced the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases"). That same day, the Court entered an order [Docket No. 39] authorizing the joint administration of the Chapter 11 Cases under the Chapter 11 Case captioned: *In re Diebold Holding Company, LLC*, Case No. 23-90602 (the "Remaining Case"). The Chapter 11 Cases, other than the Remaining Case, were as follows:

| Debtor | Case No. |
|---|---|
| Impexa, LLC | 23-90601 |
| Diebold Nixdorf Technology Finance, LLC | 23-90603 |
| Diebold Nixdorf, Incorporated | 23-90605 |
| Diebold Global Finance Corporation | 23-90606 |
| Diebold Self-Service Systems | 23-90607 |
| Diebold Canada Holding Company Inc. | 23-90608 |
| Diebold SST Holding Company, LLC | 23-90609 |
| Diebold Nixdorf Canada, Limited | 23-90610 |
| Griffin Technology, Incorporated | 23-90612 |

4. A comprehensive description of the Diebold Debtors' businesses and operations, capital structure and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Carlin Adrianopoli, Financial Advisor for Debtor Diebold Nixdorf, Incorporated, in Support of First Day Motions of Debtors and Debtors in Possession* [Docket No. 28] (the "First Day Declaration"), which was filed on the Petition Date.

5. Also on the Petition Date, the Diebold Debtors filed their proposed chapter 11 plan [Docket No. 17] (as modified, amended or supplemented from time to time, the "Plan") and disclosure statement [Docket No. 18] (the "Disclosure Statement"). On the same day, certain of the Diebold Debtors' affiliates filed a scheme of arrangement (the "Dutch Scheme") under the Dutch Act on Confirmation of Extrajudicial Plans (*Wet Homologatie Onderhands Akkoord* ("WHOA")) in the Netherlands.

6. On June 2, 2023, the Court entered an order that, among other things, (a) scheduled a hearing on confirmation of the Plan for July 12, 2023, and (b) required that any objection to confirmation of the Plan be filed by July 5, 2023.[2]

[2] *See Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing and Setting Related Deadlines, (II) Approving (A) the Solicitation Procedures and (B) the Confirmation Hearing Notice, (III) Waiving the Requirements that (A) The U.S. Trustee Convene a Meeting of Creditors and the Debtors File Schedules and SOFAS and (B) the Debtors Solicit Votes of Existing Equity Interests, (IV) Establishing Procedures*

7. On July 13, 2023, the Court entered the *Order Approving Disclosure Statement and Confirming the Debtors' Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 254] (the "Confirmation Order"), confirming the Plan and approving the Disclosure Statement.

8. On July 18 and 27, 2023, the Court entered orders approving the Diebold Debtors' retention of certain professionals, including Jackson Walker as co-counsel to the Diebold Debtors [Docket No. 279].

9. On August 11, 2023, the Court entered an order granting recognition of the Dutch Scheme proceedings of the Diebold Debtors' affiliates [Case No. 23-90729, Docket No. 56], which allowed the Effective Date of the Plan to occur [Docket No. 307]. The Diebold Debtors and Reorganized Debtors, as applicable, then took the steps necessary to consummate the Plan, including implementing various transactions that were material from both a legal and a financial standpoint. Upon going effective, the Reorganized Diebold Debtors and certain of their affiliates completed the first-ever cross-border restructuring involving dual main proceedings under chapter 11 of the U.S. Bankruptcy Code and a Dutch Scheme under the WHOA and the first-ever chapter 15 recognition of Dutch Scheme proceedings and a sanctioned WHOA reorganization plan in the United States.

10. On November 16, 2023, the Reorganized Diebold Debtors filed the *Reorganized Debtors' Motion for Entry of a Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 358] (the "Initial Final Decree Motion") seeking entry of a final decree closing all Chapter 11 Cases other than the Remaining Case. The Reorganized Diebold Debtors left the Remaining Case

---

*for the Assumption and Rejection of Executory Contracts and Unexpired Leases and (V) Granting Related Relief* [Docket No. 87], ¶¶ 1-2.

open to resolve any pending contested matters, miscellaneous motions, applications, pleadings, claims objections, or other matters or proceedings, as well as to facilitate any remaining distributions required under the Plan (collectively, the "Remaining Matters"). On December 11, 2023, the Court granted the Initial Final Decree Motion and entered a final decree closing the Chapter 11 Cases other than the Remaining Case [Docket No. 361] (the "Initial Final Decree").

11. Since entry of the Initial Final Decree, the Remaining Reorganized Debtor has worked to resolve all Remaining Matters. As of the date hereof, all distributions have been made under the Plan, and all Remaining Matters have been resolved except one.

12. On September 25, 2023, prior to entry of the Initial Final Decree, Jackson Walker filed the JW Fee Application seeking payment of $154,167.00 in fees for services performed for the Diebold Debtors postpetition and reimbursement of $5,758.00 in expenses. Pursuant to the Local Rules, objections to the JW Fee Application were due by October 16, 2023. No such objections were received and, on October 23, 2023, the Reorganized Diebold Debtors filed a certificate of no objection to the JW Fee Application [Docket No. 333]. As of the date hereof, Jackson Walker holds a retainer in the amount of $188,928.00 (the "Retainer"), which amounts would be first applied to any compensation and expenses awarded to Jackson Walker.

13. On October 25, 2023, the Court entered the *Order for Hearing and Supplementation* [Docket No. 334] and scheduled a hearing on the JW Fee Application for November 7, 2023, following which Jackson Walker filed a set of supplemental disclosures relating to the JW Fee Application [Docket No. 349].

14. On November 5, 2023, Jackson Walker filed the *Emergency Motion of Jackson Walker LLP for Entry of an Order Continuing Hearing on Final Fee Application and Granting*

*Related Relief* [Docket No. 351], requesting that the Court continue the scheduled hearing on the JW Fee Application.

15. On November 6, 2023, the Court entered an order continuing the hearing on the JW Fee Application. The Court did not reset an objection deadline for the JW Fee Application. Since November 6, 2023, no further objections have been filed and no further action has been taken by the Court with respect to the JW Fee Application.

16. In light of the resolution of all other Remaining Matters, the Remaining Reorganized Debtor engaged with Jackson Walker regarding final resolution of the JW Fee Application so that the Remaining Case could be closed. As a result of these discussions, Jackson Walker voluntarily agreed to reduce the amount requested under the JW Fee Application to $100,000, inclusive of both fees and expenses. The Remaining Reorganized Debtor understands that Jackson Walker's counsel, Norton Rose Fulbright US LLP, discussed this motion and the relief requested with the Office of the United States Trustee. The Office of the United States Trustee informed counsel to Jackson Walker that it takes no position regarding the relief requested or the proposed fee reduction given that it did not object to the JW Fee Application.

17. While the JW Fee Application has remained pending, the Remaining Reorganized Debtor has continued to incur costs from Kroll Restructuring Administration LLC's ("Kroll") claims and noticing agent services, as well as quarterly statutory fees payable to the Office of the United States Trustee. Approving the JW Fee Application as modified herein and closing the Remaining Case is in the best interest of the Remaining Reorganized Debtor as it will eliminate unnecessary fees and expenses and resolve the sole pending Remaining Matter.

## **Basis for Relief**

18. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."

11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party-in-interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

19. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

a. whether the order confirming the plan has become final;

b. whether deposits required by the plan have been distributed;

c. whether the property proposed by the plan to be transferred has been transferred;

d. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

e. whether payouts under the plan have commenced; and

f. whether all motions, contested matters and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).

20. Courts in the Fifth Circuit look to the advisory committee's notes on Bankruptcy Rule 3022 "in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015); *see also In re Gastar Exploration Inc.*, No. 18-36057 (MI) (Bankr. S.D. Tex. Mar. 29, 2019).

21. In addition to the factors set forth in the Advisory Committee Note, courts consider whether the plan of reorganization has been substantially consummated. *See, e.g., In re JCP Props., Ltd.*, 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question

here to determine the propriety of closing the [case]"); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case).[3]

22. Courts have also noted that entry of a final decree is appropriate to stop the accrual of fees paid to the U.S. Trustee pursuant to section 1930 of the United States Code (the "Section 1930 Fees") and fees to the debtor's professionals. *See In re Necaise*, 443 B.R. 483, 493 (Bankr. S.D. Miss. 2010) (granting chapter 11 debtor's motion to close case that had been fully administered on basis that it would avoid "costs for payment of UST quarterly fees, for preparing and filing monthly operating reports, and for retention of professionals"); *In re Endo Int'l plc*, 666 B.R. 221, 227 (Bankr. S.D.N.Y. 2024) (finding administrative costs, including Section 1930 Fees, an "unnecessary financial burden" sufficient to justify case closure after cases were fully administered); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

23. Based on these factors, this Court should close the Remaining Case. In particular:

a. the Confirmation Order has become final;

b. the Reorganized Debtors have emerged from chapter 11;

c. the Reorganized Debtors have assumed the business and management of the property dealt with by the Plan;

d. the Plan was substantially a "ride through" plan, and any deposits, property transfers and distributions provided for by the Plan, to the extent applicable, have occurred in accordance with the Plan;

3 Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

e. all of the transactions contemplated by the Plan closed on the Effective Date;

f. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code;

g. all distributions contemplated under the Plan have been made;

h. the only matter pending in the Remaining Case is an uncontested motion to approve the JW Fee Application, which the Remaining Reorganized Debtor proposes to resolve as outlined in this Motion; and

i. the Remaining Reorganized Debtor continues to incur costs related to the Chapter 11 Cases, including U.S. Trustee quarterly fees and fees owed to Kroll for claims and noticing agent services.

Therefore, the Remaining Case has been "fully administered" and should be closed. Entry of the Final Decree closing the Remaining Case is in the best interests of the Reorganized Debtors and an appropriate use of the Court's equitable powers pursuant to section 105(a) of the Bankruptcy Code.

## Notice

24. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the Diebold Debtors' thirty largest unsecured creditors on a consolidated basis; (c) counsel to the Ad Hoc Group; (d) counsel to the DIP Lenders; (e) counsel to J.P. Morgan Chase Bank, N.A., as administrative agent under the ABL Credit Agreement; (f) counsel to GLAS USA LLC and GLAS Americas LLC, as administrative and/or collateral agent under the 2023 Stub First Lien Term Credit Agreement, the DIP Credit Agreement, the First Lien Euro Notes Indenture, the First Lien Credit Agreement, the First Lien U.S. Notes Indenture, the Second Lien Notes Indenture and the Superpriority Credit Agreement; (g) counsel to U.S. Bank Trust Company, National Association, as trustee under the 2024 Stub Unsecured Notes Indenture, First Lien Euro Notes Indenture, 2025 First Lien U.S. Notes Indenture and Second Lien Notes Indenture; (h) the United States Attorney's

Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) state attorneys general for all 50 U.S. states; (l) Norton Rose Fulbright US LLP, as counsel to Jackson Walker; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Remaining Reorganized Debtor requests that the Court enter the Final Decree, granting the relief requested herein and such other relief to the Remaining Reorganized Debtor as the Court deems appropriate under the circumstances.

Dated: August 27, 2026
Houston, Texas

Respectfully submitted,

*/s/ Daniel T. Moss*

**JONES DAY**
Daniel T. Moss (S.D. Tex. Fed. No. 3856552)
51 Louisiana Avenue, N.W.
Washington, D.C. 200001
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: dtmoss@jonesday.com

*Counsel for the Remaining Reorganized Debtor*

**Certificate of Conference**

I certify that on August 26, 2026, on information and belief, counsel for Jackson Walker conferred with the Office of the United States Trustee, and the United States Trustee does not take any position with respect to the relief requested in this Motion.

*/s/ Daniel T. Moss*
Daniel T. Moss

**Certificate of Service**

I certify that on August 27, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Daniel T. Moss*
Daniel T. Moss