United States Bankruptcy Court
Southern District of Texas
ENTERED
September 24, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 23-90602** |
| **DIEBOLD HOLDING COMPANY,** | § | |
| **INC., *et al.*,** | § | |
| **Debtors.** | § | **Jointly Administered** |
| | § | **CHAPTER 11** |

## FINAL DECREE

For the reasons set forth on the record, the Court orders:

1. Jackson Walker shall deposit $100,000.00 of its retainer into a Jones Day IOLTA account to be held by Jones Day pending further order regarding the settlement with Jackson Walker. The balance of the retainer should be refunded according to its terms.

2. The Court has recused on issues regarding the Jackson Walker fees. The matter should be presented by the Clerk to Chief Judge Rodriguez.

3. This case is closed.

4. This is a Final Decree.

5. No later than October 15, 2026, the Reorganized Debtor shall file a post-confirmation report for the period from July 1, 2026 through September 24, 2026, and shall serve a true and correct copy of the report on the U.S. Trustee.

6. The Reorganized Debtor shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for this Case by the later of October 15, 2026 and) the date on which such quarterly fees are otherwise due. This Court retains jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

7. Following the completion of the services identified in paragraph 8 below, Kroll shall have no further obligations to this Court or any party in interest with respect to the claims, noticing, and solicitation services in the Chapter 11 Cases.

8. Consistent with the Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent [Docket No. 40], after entry of this Final Decree, Kroll shall deliver to the Clerk of the Court an electronic copy pdf format of all proofs of claim. Once the electronic copy has been received by the Clerk of the Court, Kroll may destroy all proofs of claim in its possession sixty days after filing a Notice of Intent to Destroy on the Court's docket.

9. The Reorganized Debtor and its agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

10. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

11. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Diebold Debtors or any party in interest to seek to reopen the Chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Diebold Debtors to dispute in this Court or in an appropriate non-bankruptcy forum, all claims that were filed against the Diebold Debtors in these Chapter 11 Cases as contemplated by the Plan and the Confirmation Order.

12. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

SIGNED 09/24/2026

Marvin Isgur
United States Bankruptcy Judge